UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-163-MOC-WCM

| | | |
|---|---|---|
| **MELISSA DAWN SMILEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **ANDREW SAUL,** | ) | |
| **Acting Commissioner of Social Security** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R") issued in this matter (#13). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, in accordance with 28, United States Code, Section 636(b)(1)(c). Both parties filed objections within the time allowed. (##14, 15).

**I.     Background**

In a decision dated May 25, 2007, Plaintiff was found to be disabled beginning January 13, 2004. On May 8, 2015, the Commissioner found that Plaintiff was no longer disabled. That determination was upheld upon reconsideration by a State Agency Disability Hearing Officer following a video hearing. Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ") and a hearing was held on June 11, 2018, in Greenville, South Carolina, where Plaintiff appeared and testified. Plaintiff was represented by counsel at the hearing.

On June 18, 2018, the ALJ issued an unfavorable decision. The Appeals Council denied Plaintiff's request for review of that decision on March 25, 2019. On May 24, 2019, Plaintiff filed the instant action, seeking review of the ALJ's decision. After the parties filed motions for summary judgment, the Honorable W. Carleton Metcalf, United States Magistrate Judge, issued

-1-

an M&R. In the M&R, Judge Metcalf analyzed the available record, including the disability decision from the State of North Carolina and the decision of the ALJ. Ultimately, Judge Metcalf recommended that the Court grant Plaintiff's summary judgment motion and remand to the ALJ for further findings on the ground that the ALJ's analysis of Plaintiff's medical improvement was deficient. Both parties filed objections to the magistrate judge's M&R. (##14, 15).

## II. Standard of Review

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such

determinations, the Court will fully affirm the M&R and grant relief in accordance therewith.

**III. Discussion**

In its objection, the Government first agrees with the magistrate judge's initial assessment that a prior finding of disability does not create a later presumption of disability. The Government also agrees with the magistrate judge's finding that the Commissioner bears the burden to show that medical improvement has occurred since a prior finding of disability. The Government argues, however, that the Commissioner proved its burden of showing medical improvement and that any error by the ALJ in assessing Plaintiff's medical improvement was harmless. That is, the magistrate judge found that the ALJ should have compared the medical evidence of Plaintiff's condition at the time of the Comparative Point Decision ("CPD") to the current severity of the condition. The Government argues, however, that any error was harmless because the magistrate judge correctly concluded that the ALJ had correctly established the RFC and that, in formulating RFC, the ALJ had correctly evaluated Plaintiff's subjective complaints and conducted an appropriate function-by-function analysis.

The Court agrees with the magistrate judge's conclusion that the ALJ's analysis of Plaintiff's medical improvement was deficient and that remand is warranted. As Plaintiff notes, the magistrate judge correctly concluded that the ALJ had not conducted the required analysis to establish that the Commissioner had met its burden, and the Commission must first meet the threshold burden before any adequate assessment of Plaintiff's RFC and non-disability can occur. The magistrate judge's finding that the medical improvement analysis was deficient precludes a finding that Defendant has met its burden to establish that "medical improvement has

Case 1:19-cv-00163-MOC-WCM   Document 18   Filed 06/16/20   Page 3 of 5

occurred and that the improvement relates to the claimant's ability to work."[1] In other words, because the ALJ did not actually compare the medical evidence of Plaintiff's condition at the time of the CPD to the current severity of the condition, the Court cannot determine whether substantial evidence supports the ALJ's findings that medical improvement occurred. Thus, the Court overrules the Government's objection, and the Court will affirm the magistrate judge's M&R.

## IV.  Conclusion

After careful review, the Court determines that the recommendation of the magistrate judge is consistent with and supported by current Fourth Circuit and Supreme Court case law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will affirm the M&R and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Objection (#14) is **OVERRULED**, the Memorandum and Recommendation (#13) is **AFFIRMED,** Plaintiff's Motion for Summary Judgment (#10) is **GRANTED**, the Government's Motion for Summary Judgment (#12) is **DENIED**, and this matter is remanded in accordance with the M&R of the magistrate judge.[2]

The Clerk of Court is instructed to enter a Judgment consistent with this opinion.

---

[1]  It appears that, in discussing the ALJ's evaluations as to Plaintiff's minimal medical treatment, the Plaintiff's activities of daily living, and the ALJ's evaluation of pain, the magistrate judge was merely addressing those issues in response to Plaintiff's summary judgment arguments and clarifying that this evidence can be considered in reaching the ultimate decision as to RFC and non-disability.

[2]  Because the Court is affirming the M&R, and this matter is being remanded, the Court does not address Plaintiff's own Objections, which she has filed in order to preserve those issues on appeal. (#15).

Signed: June 16, 2020

Max O. Cogburn Jr.
United States District Judge